**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LEONARD ENGLISH, JR.,
    Appellant,

   v.

SMALL BUSINESS
ADMINISTRATION,
    Agency.

DOCKET NUMBER
DE-1221-15-0090-B-1

DATE: May 12, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Leonard English, Jr., Aurora, Colorado, pro se.

Sherrie Abramowitz, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the remand initial decision, which denied his request for corrective action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the remand initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant filed an individual right of action (IRA) appeal alleging that the agency issued him a letter of reprimand and negative performance evaluation in retaliation for his protected disclosures. MSPB Docket No. DE-1221-15-0090-W-1, Initial Appeal File (IAF), Tab 1. The appellant alleged that he disclosed that: (1) a coworker, R.G., had revealed to the appellant that the coworker had violent tendencies; and (2) he observed the same coworker's arrival and departure times, which showed that the coworker was not working a complete 8‑hour shift each day. *Id*.

¶3 The administrative judge issued a jurisdictional order informing the appellant of his burden to establish jurisdiction over his IRA appeal. IAF, Tab 3. Based on the appellant's responses, the administrative judge found the appellant's repeating the conversation that he had with R.G. about his self-reported violent tendencies had not revealed a substantial and specific danger to public health and safety. IAF, Tab 18, Initial Decision at 4. The administrative judge also found that the appellant's observations of R.G.'s arrival and departure times did not constitute an allegation of time and attendance fraud, i.e., a violation of law,

because the disclosures were too vague and imprecise to meet the requirement to be specific and detailed for purposes of making a protected disclosure. *Id.*

¶4    In his petition for review, the appellant disagreed with the administrative judge, arguing that, given the instances of workplace violence in the news, his disclosure that a coworker revealed that he had violent tendencies disclosed danger. MSPB Docket No. DE-1221-15-0090-W-1, Petition for Review File, Tab 1. He also asserted that Federal employees should work their full shifts and that revealing that an employee is not doing so discloses a violation of law. *Id.*

¶5    The Board found that the administrative judge correctly found that the appellant's statement about a coworker's purported violent tendencies failed to constitute a nonfrivolous allegation of a substantial and specific danger to public health and safety. *English v. Small Business Administration*, MSPB Docket No. DE-1221-15-0090-W-1, Final Order, ¶ 9 (Apr. 8, 2015). However, as to the appellant's disclosure of R.G.'s alleged time and attendance violations, the Board determined, contrary to the administrative judge's findings, that the appellant made specific allegations of time and attendance abuse sufficient to constitute a nonfrivolous allegation of a violation of law, rule, or regulation and that the appellant met the reasonable belief element of the jurisdictional analysis in an IRA appeal. *Id.*, ¶ 11-13. Further, the Board found that the appellant met his burden to raise a nonfrivolous allegation that the fact or content of the protected disclosure was one factor that tended to affect the issuance of the letter of warning and his Fiscal Year (FY) 2014 performance appraisal. *Id.*, ¶ 16.

¶6    In sum, the Board found that the appellant established jurisdiction over his IRA appeal regarding his allegation that his coworker engaged in time and attendance fraud. The Board remanded the case to the field office for further adjudication, including a hearing. *Id.*, ¶ 17.

¶7    On remand, the administrative judge found that the appellant established by preponderant evidence that his disclosure about time and attendance fraud was protected. MSPB Docket No. DE-1221-15-0090-B-1, Remand File (RF), Tab 32,

Remand Initial Decision (RID) at 2-3. The administrative judge also found that the appellant established that his protected disclosure was a contributing factor to the agency's August 15, 2014 letter of reprimand and FY 2014 performance appraisal. RID at 5-7. Further, he found that the agency had shown by clear and convincing evidence that it would have taken the same actions absent the appellant's disclosure of a purported time and attendance violation. RID at 17-18.

¶8     In his petition for review of the remand initial decision, the appellant contends that the administrative judge erred in finding that the agency met its clear and convincing evidence burden. Remand Petition for Review (RPFR) File, Tab 1.[2] The agency has responded to the appellant's petition for review, and the appellant has replied to that response. RPFR File, Tabs 3‑4.

## ANALYSIS AND FINDINGS

¶9     After establishing the Board's jurisdiction in an IRA appeal, as the appellant did in this case, an appellant must establish a prima facie case of whistleblower retaliation by proving by preponderant evidence that he made a protected disclosure that was a contributing factor in a personnel action taken

---

[2] In his petition for review, the appellant asserts that the administrative judge erred when he did not allow key witnesses to testify. In the Order and Summary of Telephonic Prehearing Conference, the administrative judge denied the appellant's witnesses B.W. and L.L. because, after hearing a proffer of their expected testimony, he found that they would not have offered relevant evidence. RF, Tab 27 at 3. The administrative judge also denied Division Director F.L. and Lead Labor Attorney R.P. because the proffers of their expected testimony did not identify any relevant, legally admissible testimony that they would provide. *Id*. The appellant's vague assertion on review that the administrative judge erred in disallowing most of his witnesses does not show error in the administrative judge's ruling and does not show that the excluded testimony would have been relevant, material, or not repetitious. RPFR File, Tab 1 at 2. Therefore, the appellant has not shown that the administrative judge abused his discretion in disallowing these witnesses. *See, e.g.*, *Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985) (stating that an administrative judge has wide discretion to exclude witnesses when it has not been shown that their testimony would be relevant, material, and nonrepetitious).

against him.  5 U.S.C. § 1221(e)(1); *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015).  If the appellant makes out a prima facie case, then the agency is given an opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure.  5 U.S.C. § 1221(e)(1)-(2); *Lu*, 122 M.S.P.R. 335, ¶ 7.

¶10        Congress amended 5 U.S.C. § 1221(e)(2) to provide that corrective action cannot be ordered if, "after a finding that a protected disclosure was a contributing factor," the agency demonstrates by clear and convincing evidence that it would have taken the same personnel action in the absence of such disclosure.  Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, § 114(b), 126 Stat. 1465, 1472.  Under this amendment, the Board may not proceed to the clear and convincing evidence test unless it first has made a finding that the appellant established his prima facie case.  *See* S. Rep. No. 112‑743, at 24 (2012); *cf. Kahn v. Department of Justice*, 618 F.3d 1306, 1316 (Fed. Cir. 2010) (declining the appellant's invitation to consider whether the agency met its burden on clear and convincing evidence because the court agreed with the Board that the appellant failed to establish his prima facie case; however, the court stated in dicta that, in an IRA appeal, even when the Board finds a contested merits issue dispositive, it should nevertheless resolve the remaining issues to expedite resolution of the case on appeal).

The appellant established his prima facie case of reprisal for whistleblowing.

¶11        Here, to find that the appellant established by preponderant evidence that he had a reasonable belief that he had disclosed a violation of time and attendance law, the administrative judge relied on the same evidence that the Board relied on to find that the appellant made a prima facie case that he had a reasonable belief that he had disclosed a violation of law.  RID at 2-3.  Under some circumstances, the same evidence can satisfy both the nonfrivolous allegation requirement and the preponderant evidence standard of a reasonable belief given the liberal

standard set forth in the statute for determining whether the appellant had a reasonable belief that he was disclosing a violation of law, rule, or regulation. We find that this is such a case.

¶12        As the administrative judge found on remand, the appellant made specific allegations of time and attendance abuse sufficient to meet the preponderant evidence standard. RID at 5-6. In an email to an agency manager, J.V., he stated that, when R.G came to work for the agency, he arrived late, took extended lunches, and left early. IAF, Tab 5 at 40-41. Because the date that R.G. began with the agency is a matter of record, we find that the appellant was specific as to some of the dates of R.G.'s alleged time and attendance violations. Further, although the appellant does not identify the time of the coworker's arrival, how long he took for lunch, and the time of his departure, the appellant's allegations, based on his personal observations, that his coworker was being paid for hours that he did not work, constitutes preponderant evidence of a reasonable belief of time and attendance abuse. Further, the agency presented no evidence that would provide a basis to find that the appellant's belief based on his observations was not reasonable.

¶13        The administrative judge, applying the knowledge/timing test, properly found that the appellant established by preponderant evidence that his April 18, 2014 protected disclosure of time and attendance abuse was a contributing factor in the agency's August 15, 2014 letter of reprimand and FY 2014 performance appraisal. RID at 5-6; *see Wadhwa v. Department of Veterans Affairs*, 110 M.S.P.R. 615, ¶ 12, *aff'd*, 353 F. App'x 435 (Fed. Cir. 2009) (stating that one way to establish contributing factor is the knowledge/timing test, under which an employee submits evidence showing that the official taking the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action). The administrative judge found that both J.V., who issued the letter of reprimand on August 15,

2014, and was the rater on the appellant's FY 2014 performance appraisal, and P.G., who was the reviewing official on the performance appraisal, were aware of the appellant's disclosure of alleged time and attendance abuse and took these personnel actions within a period of time that a reasonable person could conclude that the disclosure was a contributing factor to the personnel actions. RID at 6; *see Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 10 (2013) (stating that personnel actions alleged to have begun within 1 year of the time that an employee engaged in a protected activity satisfied the timing prong of the knowledge/timing test). Thus, the administrative judge properly found that the appellant made a prima facie case and properly proceeded to the clear and convincing evidence test.

The agency proved by clear and convincing evidence that it would have issued the letter of reprimand in the absence of the appellant's protected disclosure.

¶14    In determining whether an agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of a protected disclosure, the Board generally considers: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). The Board does not view the *Carr* factors as discrete elements, each of which the agency must prove by clear and convincing evidence, but will weigh the factors together to determine whether the evidence is clear and convincing as a whole. *McCarthy v. International Boundary & Water Commission*, 116 M.S.P.R. 594, ¶ 44 (2011), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012). Additionally, in considering the *Carr* factors, the Board must weigh the appellant's evidence with that submitted by the agency. Evidence only clearly and convincingly supports a conclusion when it does so in the aggregate considering all the pertinent evidence

in the record, and despite the evidence that fairly detracts from that conclusion. *See Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012).

¶15     Before discussing the *Carr* factors, we note that overarching the administrative judge's *Carr* analysis was his finding that both J.V. and P.G. were credible witnesses. RID at 8, 11. The appellant's assertions in his petition for review that the administrative judge's credibility determinations are in error is unavailing. He asserts that the administrative judge's credibility findings are not supported because they were based on his observation of the demeanor of J.V. and P.G. as they testified during the hearing in this case. RPFR File, Tab 1 at 8. The Board must give deference to an administrative judge's credibility determinations when they are based on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). We find no error in the administrative judge's explicitly demeanor-based credibility determinations regarding the testimony of J.V. and P.G.

¶16     The administrative judge weighed the *Carr* factors as to each of the personnel actions that the appellant alleged was retaliatory. Regarding the letter of reprimand, which charged the appellant with two specifications of "unprofessional correspondence to your supervisor," IAF, Tab 1 at 94-96, the administrative judge found that the strength of the agency's evidence in support of the action (*Carr* factor (1)), was strong, RID at 9. In making this finding, the administrative judge weighed the agency's evidence against the appellant's evidence as to whether he had sent similar correspondence earlier without receiving a letter of reprimand. RID at 10. The administrative judge found, however, that the appellant's previous correspondence was not as offensive as the two emails that his supervisor relied on to issue the reprimand. RID at 10.

¶17     The administrative judge found that the motive to retaliate on the part of the agency officials (*Carr* factor (2)) was "extremely slight, if it existed at all." RID

at 11. He found that the appellant's observations of the comings and goings of his coworker that formed the basis of his disclosure had occurred before J.V. had begun to work for the agency and were contrary to her observations. *Id.* He also found that, although P.G. was the appellant's and his coworker's supervisor at the time of the coworker's alleged time and attendance abuse, the appellant did not disclose the alleged abuse to P.G. at the time of the appellant's observations, and so P.G. considered the disclosure a nonissue. *Id.* The administrative judge found further that there was no evidence that J.V. or P.G. or anyone else was embarrassed, implicated, or more than slightly inconvenienced by the appellant's disclosure. *Id.* The administrative judge reiterated his finding that J.V. and P.G. were credible witnesses regarding their testimony that they had no retaliatory motive because of the disclosure. *Id.* The administrative judge also considered the appellant's evidence that J.V and P.G. failed to investigate R.G.'s alleged time and attendance abuse. *Id.* However, he correctly found that the Board's role was to determine retaliatory motive, not whether an investigation should have been undertaken.[3] *Id.*

¶18    The administrative judge found that *Carr* factor (3), whether the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated, was neutral. RID at 12. He found that neither party presented evidence of any other employee who sent emails to J.V. that were of the

---

[3] In his petition for review, the appellant asserts that the administrative judge's finding that J.V.'s and P.G.'s motive to retaliate was weak contradicts the administrative judge's finding that the appellant established that his disclosure was a contributing factor to the personnel actions taken against him. As noted, the administrative judge determined that the appellant established contributing factor using the knowledge/timing test, which does not consider other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the protected activity was personally directed at the proposing or deciding officials, and whether those individuals had a motive to retaliate against the appellant. *See Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 26 (2013). We discern no error in the administrative judge's finding, which was based on his assessment of all the evidence, including the hearing testimony, that the agency officials had little or no motive to retaliate.

same nature as the appellant's emails. *Id*. In sum, as to the letter of reprimand, the administrative judge found that the agency presented strong evidence in support of its action, that the evidence of retaliatory motive was slight at best, and that there was no evidence of whether the agency took similar actions against employees who are not whistleblowers but who are otherwise similarly situated. RID at 9-12. Thus, the administrative judge found that the agency met its burden to show by clear and convincing evidence that it would have issued the appellant a letter of reprimand in the absence of the protected disclosure. *Id*.

¶19    We discern no basis for disturbing these findings on review. While agency officials lacked a strong retaliatory motive, the agency had a strong basis for issuing the appellant a letter of reprimand. Thus, weighing the three *Carr* factors against one another, we find the agency met its burden of establishing by clear and convincing evidence that it would have taken this personnel action notwithstanding the appellant's protected whistleblowing. *See McCarthy*, 116 M.S.P.R. 594, ¶ 66.

The agency proved by clear and convincing evidence that it would have given the appellant the same performance rating in the absence of the appellant's protected disclosure.

¶20    Regarding the appellant's FY 2014 performance appraisal, the administrative judge considered the strength of the agency's evidence in support of its action (*Carr* factor (1)), as to each of the five elements of the appellant's appraisal. RID at 12-18. As explained below, the administrative judge found that the strength of the agency's evidence for the rating that it gave the appellant was strong.

¶21    As to element one, Administrative Functions, the administrative judge found that J.V. supported her rating of a level three, instead of a possibly higher rating of a level four or five, through her testimony that the appellant did not demonstrate initiative or independence because he never volunteered to prepare the monthly fee report, routinely needed reminders to get the mail, and routinely

needed supervisory correction. RID at 13-14. The administrative judge noted that he considered the appellant's point that J.V. failed to mention any of the appellant's failures that prevented a rating higher than a level three in the appraisal document itself. RID at 14. However, he found that he could not hold J.V.'s brevity in the appraisal document against her in evaluating her credibility.[4] *Id.*

¶22    As to element two, Application Processing, the agency conceded that the appellant's average processing rate was good, but J.V. testified that the appellant's applications were frequently delayed past the 4.5‑day average processing deadline, which at most made him eligible for a level three rating. RID at 15. The administrative judge noted the appellant's testimony that the surety bond system was broken during FY 2014, and thus J.V. had to estimate his average processing time. *Id.* However, the administrative judge found credible J.V.'s testimony that she monitored the system every day and that this monitoring gave her accurate information to estimate employees' application processing times. *Id.* The administrative judge credited J.V.'s testimony that she did not fabricate an untrue estimate of the appellant's application processing time. *Id.*

¶23    As to element three, Bond Guarantee Activity, the administrative judge found that J.V. testified credibly that the entire office received a level three rating for this element because the element measures the unit's ability to increase its issuance of bid and performance guarantees. RID at 16. The administrative judge noted that the appellant argues that this metric is unfair, but the administrative judge found that, even if unfair, this would not necessarily mean it was retaliatory and he found no evidence that uniformly rating all staff members at the three level constituted retaliation for the appellant's disclosure. *Id.* In his

---

[4] We discern no error in the administrative judge's finding and note that performance appraisals at the satisfactory level and above often focus on an employee's accomplishments and not the shortcomings that prevented the employee from achieving a higher rating.

remand petition for review, the appellant contends that at least one employee was rated at the five level overall and to be rated at that level an employee cannot have been rated at the three level on any element. He contends, based on this assertion, that J.V.'s testimony regarding rating all employees at the three level on this element must not be credible. RPFR File, Tab 1. However, the appellant failed to support his assertion with any evidence that an employee received a level five overall rating or that the agency had a hard and fast rule that, to be rated at the five level overall, an employee cannot have any element rated at the three level. Thus, we find that the appellant failed to show error in the administrative judge's determination that J.V. testified credibly that she rated all employees at level three on element three of their performance appraisals.

¶24    Regarding element four, Customer Satisfaction, the administrative judge credited J.V.'s testimony that she rated the appellant a three because of his delays in processing customer requests and unprofessional actions, such as referring an agent to J.V. rather than handling the matter himself and copying an outside agent on an internal email in which he expressed frustration about an internal agency matter. RID at 16. As to element five, Written Materials, the administrative judge found credible J.V.'s testimony that the appellant used the "reply all" email function frequently in an inappropriate manner and failed to capitalize her name in an online page that can be viewed by agents, and that J.V. perceived the appellant as being disrespectful. RID at 17. He also considered a rude email that the appellant sent to J.V. and on which he included an outside agent. He found the appellant's testimony regarding element five as evasive and incredible. *Id*. He considered the appellant's assertion that it was unfair or invalid for J.V. to cite the same sort of incidents under both elements four and five, and found that it detracts only minimally from the strength of the agency's evidence because he found credible J.V.'s and P.G.'s testimony that this sort of overlap was permissible in evaluating employees. RID at 18.

¶25    In sum, as to the FY 2014 performance appraisal, the administrative judge found that the agency's evidence in support of its action was strong. RID at 13-18. He also found that the evidence of the agency's motive to retaliate weighed "very lightly" in the appellant's favor. RID at 18. Additionally, he found that there was no evidence of whether the agency takes similar actions against other employees who are not whistleblowers but are otherwise similarly situated. *Id*. Thus, the administrative judge found that the agency met its burden to show by clear and convincing evidence that it would have rated the appellant at the three level in his FY 2014 performance appraisal in the absence of the protected disclosure. *Id*.

¶26    We find that, in assessing whether the agency has met` its burden by clear and convincing evidence, the administrative judge considered all the pertinent evidence in the record and did not exclude or ignore countervailing evidence by only looking at the evidence that supported the agency's position. Thus, the remand initial decision comports with the requirements of *Whitmore*, 680 F.3d at 1367‑70. The appellant's assertion to the contrary in the remand petition for review is unavailing. We have considered all of the appellant's arguments on review, but find that they present no reason to disturb the administrative judge's well-reasoned findings. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *see also Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional

information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.